UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMEC INDUSTRY, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>LEWIS BROTHERS BAKERIES, )<br>INCORPORATED OF TENNESSEE and )<br>THOMCORP., INC. d/b/a THOMTEC )<br>INDUSTRIAL SALES COMPANY, )<br>)<br>Defendants ) | No. 3:13-0751<br>Judge Sharp/Bryant<br>**Jury Demand** |

## **MEMORANDUM AND ORDER**

Presently pending are Plaintiff's motion for permission to file second amended complaint and join party as defendant (Docket Entry No. 39) and Defendant Lewis Brothers Bakeries' motion to amend its counterclaim (Docket Entry No. 49). In their responses, the nonmoving parties have opposed these two motions to amend on grounds of futility (Docket Entry No. 47, 48, 52 and 53).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides in part that the Court "should freely give leave [to amend a pleading] when justice so requires." Whether justice requires leave to amend is committed to the Court's sound discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

Plaintiff Amec's motion to file a second amended complaint seeks to add as an additional defendant Thomas W. Land and to assert claims of fraud and negligent representation against Defendant ThomCorp, Inc. and Lewis Brothers Bakeries (Docket Entry No. 39). Defendant Lewis Brothers opposes this motion on grounds of

futility because, according to Lewis Brothers, the factual allegations in the proposed second amended complaint, if accepted as true, fail to establish the elements of a cause of action for fraud or negligent misrepresentation against it (Docket Entry No. 47).

In its motion for leave to amend its counterclaim, Defendant Lewis Brothers seeks to add supplemental facts supporting two additional causes of action for breach of warranty and fraudulent concealment, and to add an alternative cause of action in the event the Court finds that the parties renewed their 2009 contract to supply a six-inch chain in 2011 (Docket Entry No. 50). In opposition, Plaintiff Amec argues that Defendants' proposed amendment to its counterclaim is futile because the additional claim is barred by the statute of limitations and the doctrine of judicial estoppel (Docket Entry No. 52).

Considering the liberal standard favoring amendment of pleadings and in the exercise of discretion accorded to the Court in ruling upon a motion for leave to amend a pleading, the undersigned Magistrate Judge finds that both Plaintiff's motion for leave to file a second amended complaint (Docket Entry No. 39) and Defendant Lewis Brothers' motion to amend its counterclaim (Docket Entry No. 49) should be **GRANTED**. This ruling is expressly without prejudice to any party's right to seek dismissal of any and all

claims upon the filing of a later motion to dismiss or a motion for summary judgment.

It is so **ORDERED**.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge
